### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **XENNIAL IP LLC,** | Civil Action No.: 5:25-cv-01419 |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **WATERH INC.,** | |
| Defendant. | |

### COMPLAINT FOR INFRINGEMENT OF PATENT

Plaintiff, Xennial IP LLC ("Plaintiff" or "Xennial"), by and through undersigned counsel, alleges and prays as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."), to prevent and enjoin Defendant WaterH Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, from U.S. Patent No. 11,172,886 ("the '886 Patent) which is attached hereto as Exhibit A and incorporated herein by reference; U.S. Patent No. 10,664,571 ("the '571 Patent) which is attached hereto as Exhibit B and incorporated herein by reference; and  U.S. Patent No. 9,792,409 ("the '409 Patent) which is attached hereto as Exhibit C and incorporated herein by reference, collectively the "Patents-in-Suit", and pursuant to 35 U.S.C. §271, to recover damages, attorney's fees, and costs.

### THE PARTIES

2.      Plaintiff is an Ohio limited liability company.

3.     Defendant is a Canadian corporation with a principal place of business at 15A Green Meadows Circle, Toronto, ON M2J 5G6 Canada. Pursuant to Rule 4(h), Federal Rules of Civil Procedure, a foreign corporation that is not within any judicial district of the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under Rule 4(f)(2)(C)(i)."

4.     Defendant has placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Northern District of Ohio. Defendant knew and understood that such products would be sold in the United States as their website states that they provide free shipping to North America. Defendant knew and understood that such products would be sold in the United States because their website provides a return address specifically for United States customers.

5.     Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.waterh.com, which is in the business of providing smart water bottles, among other things.  Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.waterh.com, and its incorporated and/or related systems (collectively the "WaterH Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the WaterH Website.

2

## JURISDICTION AND VENUE

6.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendant because of  its systematic and continuous contacts with this jurisdiction,  because of the injury to Plaintiff arising from and caused by its conduct in this judicial district, and because the cause of action has risen in this judicial district.

9.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided in this forum state and in this judicial District.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c)(3) because Defendant is not a resident in the United States and therefore may be sued in any judicial district.

## FACTUAL ALLEGATIONS

11.      On November 16, 2021, the United States Patent and Trademark Office ("USPTO") duly issued the '886  Patent, entitled "Hydration System and Method Thereof" after a full and fair examination.

12.      Plaintiff is presently the owner of the '886 Patent, having received all right, title and interest in and to the '886 Patent from the previous assignee of record.  Plaintiff possesses all

rights of recovery under the '886 Patent, including the exclusive right to recover for past infringement.

13.     Claim 1 of the '886 Patent states:

"1. A hydration system comprising:

a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body;

a sensor determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body;

fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber;

data transmission and reception logic configured to send the digital data to a remote device and receive digit data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packers in order to detect a source of the packet transmission and decide whether to sync the digital data associated with the fluid in the chamber with the source of the packet;

wherein the remote device is an electronic device executing a health activity tracker, the remote device including a second display that displays information associated with one of more of the following: the amount of fluid in the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device;

network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein the network connectivity is selected from a group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, internet and 3G/4G connection;

a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display;

a cap repeatably attachable and detachable from the bottle body, and wherein the sensor is carried by the cap; and

cap sensor placement-specific algorithms executed by the fluid information logic during the previous period to determine the one or more of the following amount of fluid in the fluid chamber, the amount of fluid dispensed from the fluid chamber, the physical movement of the bottle body, the amount of time since fluid was last dispensed from the chamber, the amount of fluid dispensed over a given time period, and the reminder notification if fluid has not been dispensed over a given time period

adaptive filtering logic executed during the previous period to cancel out excessive movements of the cap. Ex. A, Col. 14:33-15:20.

14.     On May 26, 2020, the USPTO duly issued the '571 Patent, entitled "Communicative Water Bottle and System Thereof" after a full and fair examination.

15.     Plaintiff is presently the owner of the '571 Patent, having received all right, title and interest in and to the '571 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '571 Patent, including the exclusive right to recover for past infringement.

16.     Claim 1 of the '571 Patent states:

"1. A communicative sports water bottle system comprising:
a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body;
a sensor determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body;
fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber;
data transmission and reception logic configured to send the digital data to a remote device and receive digital data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packets in order to detect a source of the packet transmission and decide whether to sync the digital data associated with fluid in the chamber with the source of the packet;
wherein the remote device is a wrist-worn health activity tracker including a second display that displays information associated with one or more of the following: the amount of fluid in the chamber, the amount of fluid dispensed from the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device;
network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein in the network connectivity is selected from a group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, Internet, and 3G/4G connection;

a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display;

a cap repeatably attachable and detachable from the bottle body, and wherein the sensor is carried by the cap; and

cap sensor placement-specific algorithms executed by the fluid information logic during the previous period to determine the one or more of the following the amount of fluid in the fluid chamber, the amount of fluid dispensed from the fluid chamber, the physical movement of the bottle body, the amount of time since fluid was last dispensed from the chamber, the amount of fluid dispensed over a given time period, and the reminder notification if fluid has not been dispensed over a given time period; and

adaptive filtering logic executed during the previous period to cancel out excessive movements of the cap." Ex. B, Col.14:33-15:21.

17.    Claim 10 of the '571 Patent states:

"10. A communicative sports water bottle system comprising:

a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body;

a sensor determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body;

fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber;

data transmission and reception logic configured to send the digital data to a remote device and receive digital data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packets in order to detect a source of the packet transmission and decide whether to sync the digital data associated with fluid in the chamber with the source of the packet;

wherein the remote device is a wrist-worn health activity tracker including a second display that displays information associated with one or more of the following: the amount of fluid in the chamber, the amount of fluid dispensed from the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device;

network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein the network connectivity is selected

6

from a group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, internet, and 3G/4G connection;

a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display; and

bottle body sensor placement-specific algorithms executed by the fluid information logic to determine the one or more of the following the amount of fluid in the fluid chamber, the amount of fluid dispensed from the fluid chamber, the physical movement of the bottle body, the amount of time since fluid was last dispensed from the chamber, the amount of fluid dispensed over a given time period, and the reminder notification if fluid has not been dispensed over a given time period; and

adaptive filtering logic to cancel out excessive movements of the bottle." Ex. B, Col.16:5-58.

18.     On October 17, 2017, the USPTO duly issued the '409 Patent, entitled "Communicative Water Bottle and System Thereof" after a full and fair examination.

19.     Plaintiff is presently the owner of the '409 Patent, having received all right, title and interest in and to the '409 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '409 Patent, including the exclusive right to recover for past infringement.

20.     Claim 1 of the '409 Patent states:

"1. A communicative sports water bottle comprising:
a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body;
a sensor determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body;
fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber;
data transmission and reception logic configured to send the digital data to a remote device and receive digital data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packets in order to detect a source of

7

the packet transmission and decide whether to sync the digital data associated with fluid in the chamber with the source of the packet;

wherein the remote device is a wrist-worn health activity tracker including a second display that displays information associated with one or more of the following: the amount of fluid in the chamber, the amount of fluid dispensed from the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device;

network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein in the network connectivity is selected from a group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, internet, and 3G/4G connection; and

a record of information for a previous period at a fixed time interval;

artificial intelligence configured to learn the record of information to detect behavior signatures from the previous period, which is implemented to predict a likelihood of a subject has certain activity levels at a present time." Ex. C, Col.14:24-67.

21.     Defendant commercializes, inter alia, water bottle systems that meet all elements of Claim 1 of the '886 Patent, Claim 1 and 10 of the '571 Patent, and Claim 1 of the '409 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a smart water bottle that encompasses that which is covered by Claim 1 of the '886 Patent, Claims 1 and 10 of the '571 Patent, and Claim 1 of the '409 Patent.

22.     Defendant has used, at least in internal use and testing, its water bottles system that includes all elements of Claim 1 of the '886 Patent, Claim 1 and 10 of the '571 Patent, and Claim 1 of the '409 Patent.

## DEFENDANT'S PRODUCT(S)

23.     Defendant offers, sells and/or distributes the smart water bottles: (1) WaterH Boost Smart Water Bottle and/or (2) WaterH Boost Lite Smart Water Bottle (collectively the "Accused Products")[1].

24.     With respect to the '886 Patent, the Accused Products comprise a hydration system including a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle

25.     With respect to the '886 Patent, the Accused Products comprise a hydration system including a sensor  determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body, as shown below.

---

[1] The WaterH smart water bottles  is just one of the products provided by Defendant. Plaintiff's investigation is on-going for additional products that may be added at a later date.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

26.    With respect to the '886 Patent, the Accused Products comprise a hydration system including fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

27.     With respect to the '886 Patent, the Accused Products comprise a hydration system including data transmission and reception logic configured to send the digital data to a remote device and receive digit data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packers in order to detect a source of the packet transmission and decide whether to sync the digital data associated with the fluid in the chamber with the source of the packet, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

28.    With respect to the '886 Patent, the Accused Products comprise a hydration system including wherein the remote device is an electronic device executing a health activity tracker, the remote device including a second display that displays information associated with one of more of the following: the amount of fluid in the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

29.     With respect to the '886 Patent, the Accused Products comprise a hydration system including network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein the network connectivity is selected from a group comprising of:

Bluetooth connection, wireless internet connection, wired internet connection, internet and 3G/4G connection, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

30.     With respect to the '886 Patent, the Accused Products comprise a hydration system including a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display, as shown below.

**RECORD OF INFORMATION**



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle

31.     With respect to the '886 Patent, the Accused Products comprise a hydration system including a cap repeatably attachable and detachable from the bottle body, and wherein the sensor is carried by the cap, as shown below.



Source:  https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

32.     With respect to the '886 Patent, the Accused Products comprise a hydration system including a cap sensor placement-specific algorithms executed by the fluid information logic during the previous period to determine the one or more of the following amount of fluid in the fluid chamber, the amount of fluid dispensed from the fluid chamber, the physical movement of the bottle body, the amount of time since fluid was last dispensed from the chamber, the amount of fluid dispensed over a given time period, and the reminder notification if fluid has not been dispensed over a given time period, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

33.     With respect to the '886 Patent, the Accused Products comprise a hydration system including an adaptive filtering logic executed during the previous period to cancel out excessive movements of the cap.



FIRST TIME & MEASUREMENT



MOVEMENT OF THE CAP



34.     With respect to the '886 Patent, the Accused Products comprise a communicative sports water bottle including adaptive filtering logic to cancel out excessive movements of the bottle, inasmuch as movements of the bottle are not recorded as "drinking events" or otherwise do not effect the amount of fluid sensed to have been consumed.







35.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=44416273252586

36.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including a sensor determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body, as shown below.

22



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

37.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

38.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including data transmission and reception logic configured to send the digital data to a remote device and receive digital data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packets in order to detect a source of the packet transmission and decide whether to sync the digital data associated with fluid in the chamber with the source of the packet, as shown below.

24



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

39.    With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including a remote device that is a wrist-worn health activity tracker including a second display that displays information associated with one or more of the following: the amount of fluid in the chamber, the amount of fluid dispensed from the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device, as shown below.

25



**A REMINDER ON A WRIST WORN HEALTH ACTIVITY TRACKER**

Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

40.    With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein the network connectivity is selected from a

group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, Internet, and 3G/4G connection, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

41.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display, as shown below.



Source:   https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

42.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including a cap repeatably attachable and detachable from the bottle body, and wherein the sensor is carried by the cap, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

43.     With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including a cap sensor placement-specific algorithms executed by the fluid information logic during the previous period to determine the one or more of the following the amount of fluid in the fluid chamber, the amount of fluid dispensed from the fluid chamber, the physical movement of the bottle body, the amount of time since fluid was last dispensed from the chamber, the amount of fluid dispensed over a given time period, and the reminder notification if fluid has not been dispensed over a given time period, as shown below.





Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

44.    With respect to the '571 Patent, the Accused Products comprise a communicative water bottle system including adaptive filtering logic executed during the previous period to cancel out excessive movements of the cap, inasmuch as movements of the cap are not recorded as "drinking events" or otherwise do not effect the amount of fluid sensed to have been consumed.







45.     With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=44416273252586

46.    With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including a sensor determining one or more of the following: an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

47.    With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including fluid information logic electronically coupled with the sensor creating digital data associated with fluid in the chamber, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

48.    With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including data transmission and reception logic configured to send the digital data to a remote device and receive digital data from the remote device, wherein the data transmission and reception logic monitors wireless input sources for incoming wireless packets and analyzes any received packets in order to detect a source of the packet transmission and decide

whether to sync the digital data associated with fluid in the chamber with the source of the packet, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

49.     With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including wherein the remote device is a wrist-worn health activity tracker including a second display that displays information associated with one or more of the following: the amount of fluid in the chamber, the amount of fluid dispensed from the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time

36

period, a reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

50.     With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein the network connectivity is selected from a group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, internet, and 3G/4G connection, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

51.     With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

52.     With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including bottle body sensor placement-specific algorithms executed by the fluid information logic to determine the one or more of the following the amount of fluid in the fluid chamber, the amount of fluid dispensed from the fluid chamber, the physical movement of the bottle body, the amount of time since fluid was last dispensed from the chamber, the amount of fluid dispensed over a given time period, and the reminder notification if fluid has not been dispensed over a given time period, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

53.     With respect to the '571 Patent, the Accused Products comprise a communicative sports water bottle system including adaptive filtering logic to cancel out excessive movements of the bottle  inasmuch as movements of the bottle are not recorded as "drinking events" or otherwise do not effect the amount of fluid sensed to have been consumed.





**MOVEMENT OF THE BOTTLE**



**SECOND TIME AND MEASUREMENT**

54. With respect to the '409 Patent, the Accused Products comprise a communicative sports water bottle system including a bottle body having a base and an upwardly extending sidewall therein defining a fluid chamber and a first display coupled to the bottle body, as shown below.



Source: https://www.waterh.com/products/waterh-boost-smart-water-bottle

55.     With respect to the '409 Patent, the Accused Products comprise a communicative sports water bottle including a sensor determining one or more of the following an amount of fluid in the fluid chamber, an amount of fluid being dispensed from the fluid chamber, and a physical movement of the bottle body, as shown below.



Source:

https://www.waterh.com/products/waterhboostsmartwaterbottle?variant=45033798631658

56.     With respect to the '409 Patent, the Accused Products comprise a communicative

sports water bottle including fluid information logic electronically coupled with the sensor creating

digital data associated with fluid in the chamber, as shown below.



Source:
https://www.waterh.com/products/waterhboostsmartwaterbottle?variant=45033798631658

57.     With respect to the '409 Patent, the Accused Products comprise a communicative

sports water bottle including data transmission and reception logic configured to send the digital

data to a remote device and receive digital data from the remote device, wherein the data

transmission and reception logic monitors wireless input sources for incoming wireless packets

and analyzes any received packets in order to detect a source of the packet transmission and decide

whether to sync the digital data associated with fluid in the chamber with the source of the packet, as shown below.



Source: https://www.waterh.com/products/waterhboostsmartwaterbottle?variant=45033798631658

58.    With respect to the '409 Patent, the Accused Products comprise a communicative sports water bottle including wherein the remote device is a wrist-worn health activity tracker including a second display that displays information associated with one or more of the following: the amount of fluid in the chamber, the amount of fluid dispensed from the chamber, an amount of time since fluid was last dispensed from the chamber, an amount of fluid dispensed over a given time period, a reminder notification if fluid has not been dispensed over a given time period, a

reminder to consume an adjusted amount of fluid based, at least in part, on activity information obtained from the remote device, as shown below.



Source: https://www.waterh.com/products/waterhboostsmartwaterbottle?variant=45033798631658

59.     With respect to the '409 Patent, the Accused Products comprise a communicative sports water bottle including network connectivity electronically connecting the data transmission and reception logic and the remote device, wherein in the network connectivity is selected from a group comprising of: Bluetooth connection, wireless internet connection, wired internet connection, internet, and 3G/4G connection, as shown below.



Source:https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

60.     With respect to the '409 Patent, the Accused Products comprise a communicative sports water bottle including a record of information for a previous period at a fixed time interval, and the record of information is displayed in one of the first display and the second display, as shown below.



Source:https://www.waterh.com/products/waterh-boost-smart-water-bottle?variant=45033798631658

61.     With respect to the '409 Patent, the Accused Products comprise a communicative sports water bottle including artificial intelligence configured to learn the record of information to detect behavior signatures from the previous period, which is implemented to predict a likelihood of a subject has certain activity levels at a present time.

62.     WaterH's Website states:

*"When activating a WaterH Device, you will be asked to download the WaterH App and enter information about yourself, such as height, date of birth, weight, activity level, and gender. We use this information to personalize your recommended hydration goal."*

Source: https://www.waterh.com/pages/privacy-policy

## COUNT 1: INFRINGEMENT OF THE U.S. PATENT NO. 11,172,886

63.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

64.      In violation of 35 U.S.C. § 271, Defendant is now, and has been, directly infringing, either literally or under the doctrine of equivalents, the '886 Patent.

65.     Defendant has known of its infringement of the '886 Patent at least as of the service of the present Complaint.

66.      Defendant has directly infringed and continues to directly infringe at least one claim, particularly Claim 1, of the '886 Patent by making, using, at least through internal testing or otherwise, offering to sell, selling and/or importing, without limitation, the Accused Products without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '886 Patent, Plaintiff has been and continues to be damaged.

67.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '886 Patent, pursuant to 35 U.S.C. § 271.

68.     Defendant has committed these acts of infringement without license or authorization.

69.     As a result of Defendant's infringement of the '886 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

70.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

71.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 10,664,571

72.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

73.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing, either literally or under the doctrine of equivalents, the '571 Patent.

74.     Defendant has known of its infringement of the '571 Patent at least as of the service of the present Complaint.

75.      Defendant has directly infringed and continues to directly infringe at least one claim, particularly Claims 1 and 10 of the '571 Patent by making, using, at least through internal testing or otherwise, offering to sell, selling and/or importing, without limitation,  the Accused Products without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '571 Patent, Plaintiff has been and continues to be damaged.

51

76. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '571 Patent, pursuant to 35 U.S.C. § 271.

77. Defendant has committed these acts of infringement without license or authorization.

78. As a result of Defendant's infringement of the '571 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

79. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

80. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.

## COUNT 3: INFRINGEMENT OF THE U.S. PATENT NO. 9,792,409

81. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

82. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing, either literally or under the doctrine of equivalents, the '409 Patent.

83. Defendant has known of its infringement of the '409 Patent at least as of the service of the present Complaint.

84. Defendant has directly infringed and continues to directly

infringe at least one claim, particularly Claim 1, of the '409 Patent by making, using, at least through internal testing or otherwise, offering to sell, selling and/or importing, without limitation, the Accused Products without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '409 Patent, Plaintiff has been and continues to be damaged.

85.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '409 Patent, pursuant to 35 U.S.C. § 271.

86.     Defendant has committed these acts of infringement without license or authorization.

87.     As a result of Defendant's infringement of the '409 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

88.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

89.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint

## **DEMAND FOR JURY TRIAL**

90.     Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.   That Defendant be adjudged to have directly infringed the '886 Patent, the '571 Patent and the '409 Patent either literally or under the doctrine of equivalents;

b.   An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '886 Patent, '571 Patent and the '409 Patent;

d.   An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: July 8, 2025

Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Julia M. Meyers*
Julia M. Meyers (OH 0104930)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
julia.meyers@sswip.com

James F. McCarthy (OH 0002245)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
james.mccarthy@sswip.com

ATTORNEYS FOR PLAINTIFF